UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: TWIN PINES, LLC,

        Case No.: 19-10295-j11

    Debtor.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER came before the Court on Debtor's Motion Selecting Subchapter V Treatment and Requesting Leave to File an Amended Petition (Doc. 92) and the U.S. Trustee's Objection to Debtor's Amended Petition re Subchapter V Election (Doc. 102). The Court has concluded that Debtor's chapter 11 case may proceed under subchapter V.

**FINDINGS OF FACT**[1]

Debtor is a limited liability company that operates a car wash and leases four condominium units in Ruidoso, New Mexico. Debtor filed its chapter 11 small business petition for relief (the "Original Petition") on February 12, 2019. *See* 11 U.S.C.[2] First National Bank ("FNB") is its largest creditor.

On October 21, 2019, Debtor filed a small business plan and disclosure statement. The Court fixed a deadline for objections and set a final hearing on the plan and disclosure statement. FNB, among others, objected to confirmation of the plan, and Debtor withdrew its plan and

---

[1] Contemporaneously with issuance of this opinion, the Court is entering an opinion, Doc.124, in connection with its denial of FNB's motion to dismiss this chapter 11 case. The Court's findings of fact stated in the latter opinion are incorporated herein by reference. Those findings primarily relate to the Court's extension of deadlines addressed in part D of this opinion. The Court further finds that if this case were converted to chapter 7, or dismissed without Debtor filing another chapter 11 case, there likely would be no payment by Debtor to any creditor or equity holder other than to FNB on its secured claim.

[2] All future references to "Code," "Section," and "§" are to the Bankruptcy Code, Title 11 of the United States Code, unless otherwise indicated.

disclosure statement shortly thereafter. Then, on the 300th day after the order for relief, Debtor filed an amended plan and amended disclosure statement. *See* § 1121(e)(2). Debtor did not request a confirmation hearing and the plan was not confirmed within the 45-day period specified in § 1129(e) (*i.e.*, by January 23, 2020).

Pursuant to § 1112(b), FNB moved to dismiss the case for cause on January 31, 2020, arguing that the estate had been substantially diminished and that Debtor had 1) used cash collateral without authorization, 2) grossly mismanaged the estate, 3) failed to confirm a plan, and 4) failed to comply with court orders. The Court will address FNB's Motion to Dismiss in a separate opinion and order.

On February 28, 2020, nine days after the Small Business Reorganization Act of 2019 ("SBRA" or "the Act") became effective, making subchapter V of chapter 11 available, Debtor filed a "Motion Selecting Subchapter V Treatment and Requesting Leave to File an Amended Petition," arguing that "Debtor can successfully reorganize if given treatment under [s]ubchapter V and a reasonable opportunity to amend its Plan currently filed" and requesting guidance from the Court as to the proper process for amending the petition to elect treatment under Subchapter V. After a status conference and consistent with the deadlines fixed by the Court, Debtor filed an amended petition (the "Amended Petition") electing to proceed under subchapter V. *See* Fed. R. Bankr. P. 1009(a). Only the U.S. Trustee objected to the Amended Petition. *See* Interim Fed. R. Bankr. P. 1020(b).

The Court held a final hearing on the U.S. Trustee's objection to Debtor's Amended Petition on March 30, 2020 and April 1, 2020. Three witnesses testified: Debra Romero, President of FNB; John Pacheco, Debtor's managing member; and Angela Pacheco, Mr. Pacheco's wife.

Debtor's motion and the U.S. Trustee's objection to Debtor's election of subchapter V status are now ripe for decision.

## DISCUSSION

The issue before the Court is whether Debtor, who commenced this chapter 11 case as a small business case approximately one year before the SBRA went into effect, may amend its petition to elect subchapter V treatment 387 days after commencing the bankruptcy case. For the reasons stated below, the Court concludes that Debtor is entitled to proceed under subchapter V.[3]

First, the Court will discuss the SBRA and the processes by which a subchapter V election is made. Next, the Court will address subchapter V's procedural provisions and the U.S. Trustee's objections to Debtor's subchapter V election. Finally, the Court will extend the deadlines imposed by subchapter V.

    A.    <u>Enactment of the SBRA and the Subchapter V Election</u>

The SBRA was signed into law on August 23, 2019 and became effective February 19, 2020. Pub. L. No. 116-54, 133 Stat. 1079 (2019). It is codified in the Bankruptcy Code in sections 1181 to 1195 and amends other Code provisions, such as the definition of "small business debtor" in § 101(51D).

---

[3] At least one court has held that the party objecting to the debtor's subchapter V election bears the burden of proof. *See In re Body Transit, Inc.*, No. BR 20-10014 ELF, 2020 WL 1486784, at *6 (Bankr. E.D. Pa. Mar. 24, 2020) (noting that "[i]t is appropriate to place the burden of proof on [the party objecting to re-designation of the debtor's case], as it is the de facto moving party"). Others have held that the party seeking to change the initial designation—here, Debtor—bears the burden. *See, e.g.*, *In re Roots Rents, Inc.*, 420 B.R. 28, 40 (Bankr. D. Idaho 2009) (stating that because the debtor was "attempting to change the initial designation, [it was the d]ebtor's burden to demonstrate that the initial statement [was] incorrect."). The Court need not decide this issue. Even if Debtor has the burden of proof, Debtor has carried that burden.

For subchapter V to apply, an eligible debtor must elect subchapter V.[4] *See* § 103(i). In a voluntary chapter 11 case the election must be made on the petition. Interim Fed. R. Bankr. P. 1020(a).[5] If a debtor elects subchapter V, then subchapter V applies unless and until the court enters an order finding that the debtor's election is incorrect. *Id.* The U.S. Trustee or any party in interest may object to the debtor's subchapter V election no later than 30 days after the conclusion of the § 341(a) meeting or 30 days after an amendment to the petition, whichever is later. Interim Fed. R. Bankr. P. 1020(b).[6] The U.S. Trustee timely objected to Debtor's Amended Petition to elect subchapter V.[7]

      B.    <u>Subchapter V's Provisions do not Preclude Debtor from Electing Subchapter V</u>

The U.S. Trustee's objection to the Amended Petition rests on subchapter V's procedural provisions and the fact that the 45-day period specified by 1129(e) expired before Debtor elected subchapter V.[8] Two preliminary observations put those procedural provisions in context. First,

---

[4] To be eligible to elect subchapter V treatment, a debtor must meet the new "small business debtor" definition set out in § 101(51D), as amended by the SBRA. The parties do not dispute that Debtor qualifies as a "small business debtor" as defined by § 101(51D).

[5] The Advisory Committee on Bankruptcy Rules of the Judicial Conference of the United States recommended for adoption by all bankruptcy courts in the United States interim rules to implement the SBRA. This Court adopted the recommended Interim Bankruptcy Rules, without any changes, by general administrative order, effective February 19, 2020. *See* Order Adopting Interim Bankruptcy Rules for Small Business Reorganization Act of 2019, MP 20-001 – Docket No. 1.

[6] *In re: Deirdre Ventura, Debtor.*, No. 8-18-77193-REG, 2020 WL 1867898, at *7 (Bankr. E.D.N.Y. Apr. 10, 2020) ("The Court's finding of incorrect designation is triggered by an objection to the designation.").

[7] Debtor filed its Amended Petition electing subchapter V on March 5, 2020. *See* Docket No. 96. The U.S. Trustee filed its objection on March 20, 2020. *See* Docket No. 102. An objection to a debtor's election for subchapter V must be served on the Debtor, the Debtor's counsel, the U.S. Trustee, the subchapter V trustee, and the twenty largest unsecured creditors, or the unsecured creditors committee, if one has been appointed. *See* Interim Fed. Bankr. R. 1020(c). It does not appear that the U.S. Trustee complied with this service requirement. Nevertheless, because all parties who have actively participated in this case appeared at the hearing on the U.S. Trustee's objection, under the circumstances the Court will not enforce the notice requirement.

[8] The U.S. Trustee did not object to the Amended Petition on the ground that the SBRA does not apply to any chapter 11 cases pending on its effective date. Accordingly, any objection on that ground has been waived. *See Bird v. Regents of New Mexico State Univ.*, 619 F. App'x 733, 748 (10th Cir. 2015) (stating

-4-
Case 19-10295-j11    Doc 123    Filed 04/30/20    Entered 04/30/20 16:43:13 Page 4 of 12

neither the Bankruptcy Code nor the Bankruptcy Rules impose any time limit on the debtor's subchapter V election. Under Interim Bankruptcy Rule 1020(a), a debtor elects subchapter V treatment on the petition. Fed. R. Bankr. P. 1009(a) provides that a "voluntary petition . . . may be amended by the debtor as a matter of course at any time before the case is closed."[9] Further, the Bankruptcy Code does not impose any other limitation on the election of subchapter V so long as the debtor is eligible to proceed under subchapter V.

Second, contrary to Debtor's argument at the final hearing, filing an amended petition to elect subchapter V does not reset the date of the order for relief[10] under chapter 11 from which several subchapter V deadlines begin to run. Sections 1188(a) and 1189(a) specify that their deadlines are pegged to the date of "the order for relief *under this chapter*." The references to "this chapter" refer not to subchapter V but to chapter 11, which is comprised of five subchapters. Further, although § 348 provides that certain deadlines are reset to the date of conversion rather than the original order for relief, no language in the Bankruptcy Code suggests that re-designation of a case to a case under subchapter V functions like a conversion from one chapter to another. *Compare* § 348(b), (c) with subchapter V, § 1181, *et. seq*.

The U.S. Trustee argues that Debtor cannot elect subchapter V at this point, as a matter of law, because the deadlines for the subchapter V status conference and plan of reorganization have

---

that undeveloped arguments are deemed waived). In addition, FNB, Debtor's largest creditor, did not object to Debtor's Amended Petition.

[9] The Court is not suggesting there are no limits on how a debtor may amend the petition. For example, the debtor cannot, by amending the petition, change the chapter under which the case is commenced or remove a filing spouse from a joint petition. Those changes would be inconsistent with provisions of the Bankruptcy Code, such as § 1112, which governs dismissal and conversion of a chapter 11 case. However, amending the petition to elect treatment under subchapter V does not violate any Code provisions.

[10] The date of the "order for relief" in this case is February 12, 2019.

long since passed, rendering compliance with subchapter V impossible. §§ 1188, 1189. The Court disagrees.

The Court "may extend the period" in which the status conference must be held and the plan filed "if the need for an extension is attributable to circumstances for which the debtor should not justly be held accountable." § 1188(a), (b); § 1189(b).[11] Here, the need for an extension arises from the fact that the SBRA was not effective until February 19, 2020—a circumstance for which Debtor should not justly be held accountable. Debtor filed a motion to proceed under subchapter V eight days after the effective date. Therefore, the Court has discretion to extend the deadlines if Debtor's case proceeds under subchapter V.[12]

The U.S. Trustee next contends that re-designation is inappropriate because it is impossible at this point for an appointed subchapter V trustee to attend the initial debtor interview and § 341(a) meeting since those events were required to occur no later than 40 days after the order for relief.[13]

But both of those events have already occurred,[14] but nothing in subchapter V requires the subchapter V trustee, rather than the U.S. Trustee, to attend those events. Section 1183(b), which

---

[11] *See Progressive Sols.*, 2020 WL 975464, at *5 (finding that "there are no bases in law or rules to prohibit a resetting or rescheduling of these [subchapter V] procedural matters"). *Contra In re Double H Transportation, LLC*, No. 19-31830-hcm (W.D. Tex March 5, 2020) (unpublished) (striking the debtor's amended petition electing subchapter V status on the ground that the SBRA did not apply to pending cases and permitting the election would create a "procedural quagmire").

[12] *See Ventura,* 2020 WL 1867898, at *8-9 (stating that "[t]he [d]ebtor is not required to comply with deadlines that clearly expired before the [d]ebtor could have elected to proceed as a subchapter V debtor" and that "it is within the Court's discretion to reset the timelines to allow the [d]ebtor to avail herself of the newly enacted law that was not at her disposal when she filed the [c]urrent [c]ase");

[13] 28 U.S.C. § 586(a)(7)(A) (requiring the U.S. Trustee to "conduct an initial debtor interview as soon as practicable after the date of the order for relief but before the first meeting scheduled under section 341(a) of title 11"); § 341(a) (requiring a meeting of creditors "within a reasonable time"); Fed. R. Bankr. P. 2003(a) (providing that the § 341(a) meeting must occur "no fewer than 21 and no more than 40 days after the order for relief"); Fed. R. Bankr. P. 9006(b)(2) (stating that the deadline for the § 341 meeting may not be enlarged).

[14] The U.S. Trustee conducted Debtor's § 341(a) meeting on March 14, 2019. And the U.S. Trustee is required to conduct the initial debtor interview before the first meeting of creditors. 28 U.S.C. § 586(a)(7)(A).

sets forth the subchapter V trustee's duties, does not specify that the subchapter V trustee must attend the initial debtor interview or the § 341 meeting. Section 1187, on which the U.S. Trustee relies, requires *debtors* to comply with § 1116(2), which in turn requires "a trustee *or* debtor in possession" to attend the initial debtor interview and § 341 meeting. (Emphasis added.) Moreover, § 1183(a) permits the U.S. Trustee to serve as trustee in a subchapter V case "as necessary" and 28 U.S.C. § 586(a)(3) provides that the U.S. Trustee shall "supervise the administration of cases and trustees in cases under . . . subchapter V of chapter 11 . . . ." Given the U.S. Trustee's supervisory role, the Court sees no reason that the U.S. Trustee's attendance at the interview and § 341(a) meeting was insufficient to satisfy the requirements of the Code. The fact that the U.S. Trustee may object to a debtor's election of subchapter V status up to 30 days *after* the § 341 meeting also suggests that the appointed subchapter V trustee is not required to attend these meetings. Interim Fed. R. Bankr. P. 1020(b). Hence, the fact that the deadlines for the initial debtor interview and § 341 meeting have passed is no barrier to re-designation to subchapter V.

Finally, the U.S. Trustee argues that "[t]he expedited nature of the confirmation process pursuant to . . . § 1129(e) is a clear example of Congress'[s] attempt to keep small business cases on a short leash," and that permitting Debtor's Amended Petition at this point would be contrary to Congress's intent vis á vis small business debtors. *See* § 1121(e)(2). The U.S. Trustee asserts that Debtor should not be permitted to amend its petition to elect subchapter V as a means of evading the 45-day deadline imposed by chapter 11 for all small business debtors to confirm a plan. *See* § 1129(e).[15]

---

[15] For the reasons set forth in the Court's opinion issued in connection with the denial of FNB's motion to dismiss (Doc. 124) discussing Debtor's failure to confirm a plan within the 45-day period imposed by § 1129(e), failure to confirm a plan within the 45-day period does not bar an election to proceed under subchapter V. See the text of the opinion accompanying the citations *to In re Diamonds & Diamonds Inc.*, No. 17-04882 (MCF), 2019 WL 1752695, at *1 (Bankr. D.P.R. Apr. 16, 2019); *In re Swartville, LLC*, 483

Although couched in terms of whether Debtor is entitled to amend its petition to elect subchapter V, these arguments really go to whether the Court should exercise its discretion to extend the subchapter V deadlines for the a status conference and the filing of a plan.[16] Unless the Court extends those deadlines, this Court's ruling that Debtor is entitled to elect subchapter V will be a pyrrhic victory for Debtor. Without the time extensions, Debtor's chapter 11 case would be converted or dismissed, even if governed by subchapter V.

For the foregoing reasons, the Court will overrule the U.S. Trustee's objection to Debtor's election to proceed under subchapter V. Because Debtor was not required to file a motion for permission to proceed under subchapter V and the motion was superfluous,[17] the Court will not rule on Debtor's motion.

### D. The Court Will Extend the Time for the Time for the Subchapter V Status Conference and the Subchapter V Deadline to file a Plan

The Court has carefully considered whether to extend the deadlines imposed by §§ 1188(b) and 1189(b) to allow Debtor to proceed under subchapter V. As discussed above, those sections provide that the court "may" extend these deadlines if the need for an extension is attributable to circumstances for which the debtor should not justly be held accountable but do not mandate extensions of the deadlines in those circumstances. If the statutory predicate to granting extensions is met, the decision to grant extensions of time is in the Court's sound discretion.

---

B.R. 453, 455-56 (Bankr. E.D.N.C. 2012) and *In re Barnes*, 310 B.R. 209, 210 (Bankr. D. Colo. 2004) and the discussion that follows relating to the purpose of subchapter V.

[16] Sections 1188(b) and 1189(b) provide that the court "may" extend times if the need for an extension is attributable to circumstances for which the debtor should not justly be held accountable. Those sections do not mandate extensions of time in those circumstances.

[17] *See Progressive Sols., Inc.,* 2020 WL 975464, at *6 (holding that debtors may elect subchapter V in a pending case by amending the petition consistent with Fed. R. Bankr. P. 1009 and that no motion for permission to amend is necessary).

-8-
Case 19-10295-j11    Doc 123    Filed 04/30/20    Entered 04/30/20 16:43:13 Page 8 of 12

The Court will address extending the times imposed by §§ 1188(b) and 1189(b) *sua sponte*, even though no motion to extend the times has been filed. That enables the Court to prevent further delay. The Court believes it already has sufficient evidence and information to make a fully informed decision on whether to extend the deadlines. However, if any party wishes to contest the extensions of time the Court will grant, it may file a motion for reconsideration.

Although Debtor's case was pending for a little over a year when it filed a motion electing subchapter V,[18] Debtor filed that motion within about a week after subchapter V became available. Debtor cannot be held justly accountable for not complying with the status conference and plan deadlines imposed by subchapter V, since those deadlines expired long before Debtor was able to elect subchapter V.

The Court will exercise its discretion to extend the times specified in §§ 1188(b) and 1189(b). In doing so, the Court is mindful of the history of this case and the potential ramifications of further delay. Although Debtor did not confirm a plan as a small business debtor, it was unable to confirm such a plan. As discussed above, subchapter V's provisions are geared to increase the possibility of success for debtors struggling to confirm a plan under chapter 11. It does not make sense to bar Debtor's Amended Petition to take advantage of those provisions after it has encountered the very difficulties Congress sought to address.[19]

Creditors other than FNB are not prejudiced by extending the deadlines as they likely would receive no payment form Debtor on their claims if this case were dismissed or converted to

---

[18] Debtor commenced this chapter 11 case on February 12, 2019. Debtor filed its motion to select subchapter V on February 28, 2020 (Doc 92).

[19] *See Ventura*, 2020 WL 1867898, at *11 ("Given that subchapter V was not available to the [d]ebtor on the [p]etition [d]ate and the [d]ebtor has made very clear from the outset the nature of [the p]roperty as a business, the Court will not penalize the [d]ebtor because after careful analysis by Congress the law has been amended to address the needs of debtors that engage in the type of business she operates.").

chapter 7 case. The Court has mitigated any prejudice to FNB due to delay by requiring Debtor to make additional adequate protection payments to FNB.[20] Further, if this Court were to dismiss this chapter 11 case, Debtor could elect subchapter V status in a new chapter 11 case, thereby causing significant additional delay.

The Court will set a status conference pursuant to § 1188(a) and (b) on June 2, 2020 at 9:30 a.m. Pursuant to § 1188(c), Debtor must file a status report 14 days before the status conference. The Court will extend until June 16, 2020 the deadline for Debtor to file an amended plan, to which the provisions of subchapter V will apply. The Court will fix a deadline of June 19, 2020 for Debtor to mail the amended plan, together with a notice specifying a 21-day deadline to object to confirmation of the plan, to all parties in interest. Those deadlines should give the subchapter V trustee time to fulfill his duties under § 1183.

## CONCLUSION

For the foregoing reasons, the Court will overrule the U.S. Trustee's objection to Debtor's Amended Petition electing subchapter V. The Court *sua sponte* will grant extensions of the deadlines imposed by §§ 1188(b) and 1189(b) and fix other deadlines, as stated above.

IT IS THEREFORE ORDERED:

1. The U.S. Trustee's objection to Debtor's Amended Petition electing subchapter V is overruled.

2. The Court sets a status conference pursuant to § 1188 on June 2, 2020 at 9:30 a.m. in the Gila Courtroom, 5th Floor, Pete V. Domenici United States Courthouse, 333 Lomas Blvd. NW, Albuquerque, New Mexico. Pursuant to § 1188(c), the deadline for Debtor to file a status

---

[20] *See* the Court's opinion issued in connection with its order denying FNB's motion to dismiss this chapter 11 case. Doc. 124.

report required by that section is 14 days before the status conference. At the status conference, the Court will address the date of the confirmation hearing.

3. No later than June 16, 2020, Debtor must file an amended plan to which the provisions of subchapter V will apply.

4. By June 19, 2020, Debtor must mail the amended plan, together with a notice specifying a 21-day deadline to object to confirmation of the plan, to all parties in interest.

_____
Robert H. Jacobvitz
United States Bankruptcy Judge

Date Entered on Docket: April 30, 2020

Copy to:

William F. Davis
Attorney for Debtor
William F. Davis & Assoc. PC
6739 Academy Rd. NE
Albuquerque, NM 87109

Alice Nystel Page
Attorney for the U.S. Trustee
Office of the U.S. Trustee
PO Box 608
Albuquerque, NM 87103-0608

Rebekah Anne Courvoisier
Attorney for FNB
Courvoisier Law, LLC
1109 Indiana Avenue
Alamogordo, NM 88310

James C Jacobsen
Attorney for New Mexico Tax and Revenue Department
201 Third Street Suite 300
Albuquerque, NM 87102

Leslie D. Maxwell
Attorney for Michael Bowen
Maxwell Law, P.C.
7007 Wyoming Blvd. NE, Ste A-1
Albuquerque, NM 87109